**THE MACKINNON LAW GROUP, PA**
238 E. Davis Blvd., Suite 201
Tampa, FL 33606 751-0293
Tel # (813) 343-3999
Fax # (866) 908-6555
By: Jason M. Ciofalo, Esquire
Attorneys for Plaintiff, John Clavin

### IN THE UNITED STATES DISTRICT
### COURT OF NEW JERSEY

| | |
|---|---|
| JOHN CLAVIN,<br><br>          Plaintiffs,<br><br>     v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>          Defendant. | DOCKET NO.:<br><br><br><br>CIVIL ACTION |

### **COMPLAINT**

   **COMES NOW**, JOHN CLAVIN, ("Plaintiff" or "Plaintiffs,"), and sues SELECTIVE INSURANCE COMPANY OF AMERICA ("NATIONWIDE"), for breach of contract and hereby files this cause of action and shows unto the Court the following:

### COMMON FACTUAL ALLEGATIONS

   1.     This is an action for damages in excess of the jurisdictional limits of this Court, as well as for additional equitable relief.

   2.     At all times relevant herein, Plaintiff, JOHN CLAVIN, owns the insured property located at 18 St Thomas Avenue, Toms River, NJ 08753.

   3.     At all times referenced herein, Defendant, SELECTIVE INSURANCE COMPANY OF AMERICA [hereinafter referred to as "SELECTIVE," is duly authorized to conduct the business of insurance in the State of New Jersey, and was and is engaged in

1

the business of insurance in Ocean County, New Jersey and throughout the State of New Jersey.   As an insurance company authorized to conduct the business of insurance in the State of New Jersey and domiciled in New Jersey, SELECTIVE INSURANCE COMPANY OF AMERICA may be served with process by serving its registered agent Debra Mullen, Admin Assistant, Office by certified mail, return receipt requested.   This Defendant has sufficient business contact with the State of New Jersey to make it amenable to service of process.

4.      This Court has jurisdiction in accordance with 42 U.S.C. 4072.  This suit concerns a Standard Flood Insurance Policy (the "Policy") issued by the Defendant and covering the Plaintiff's insured property, which is located at 18 St Thomas Avenue, Toms River, NJ 08753.  Section VII-R of the Policy expressly provides that any lawsuit brought against the Defendant with regard to the Policy must be filed in the United States District Court for the district in which the Property is located.  Reference to the Policy is hereby made for all purposes.

5.      Venue is mandatory in this Court per 42 U.S.C. 4072.  The Property covered by the Policy is located in Ocean County, New Jersey which is within the jurisdiction of the United States District Court for the District of New Jersey.

6.      All conditions precedent to the recovery of all of the relief sought by Plaintiff has occurred or has been performed.

7.      In consideration of the premiums paid, SELECTIVE INSURANCE COMPANY OF AMERICA issued to Plaintiff a policy of flood insurance bearing policy number 0000079994 with a policy period effective during the time of the flood event ("the Policy").  The Policy was in full force and effect when substantial damage occurred to the

2

property as a result of the flood waters of SuperStorm Sandy which accumulated on or about October 29, 2012.   A copy of the Declarations Page to the Policy is attached as Plaintiff's Exhibit "A."

8.     The policy insured the Property against damage arising from floods. Section II-A of the Policy defines a "flood" as being a "general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (at least one of which is your property) from (a) Overflow of inland or tidal waters; (b) Unusual and rapid accumulation or runoff of surface waters from any source; (c) Mudflow."

9.     The Property was flooded on or about October 29, 2012 (the "Flood"). Flooding is a well-recognized, commonly occurring natural disaster.  The water produced by the flood event unusually and rapidly accumulated on the surface of the Property, and it eventually penetrated the insured property through its walls and doors.

10.    To the best of the Plaintiff's knowledge, adjacent properties, which are legally separate and distinct from the insured location, were simultaneously flooded by this event, and that flooding was similar to the flooding which occurred at the Property.

11.    Water from the flood event damaged the Plaintiff's insured structure and contents.

12.    On or about October 29, 2012, the Plaintiff filed a claim under the Policy with the Defendant for the Property arising from the Flood, and Defendant assigned its claim number to the Plaintiff's insurance loss.

13.    The Defendant subsequently sent an insurance adjuster to inspect the damage to the Property arising from the Flood.   Defendant has neglected to conduct a full

and adequate investigation into the amount of flooding damage present in the area associated with the insured location.

14.    Defendant has refused to appropriately consider the full scope of flood damages existing at the Plaintiff's property which is associated with the above referenced flood event.

### COUNT ONE- BREACH OF CONTRACT AGAINST SELECTIVE

15.    Plaintiff re-alleges paragraph 1 through 14 as if fully set forth herein.

16.    The Plaintiff's property was damaged by Flood.

17.    The Policy is a contract which requires the Defendant to compensate the Plaintiff for damage resulting from a "flood" as defined in Section II-A of the Policy.

18.    The Flood which damaged the Property meets the definition of a "flood" under Section II-A of the Policy.  Flood resulted from unusual and rapid accumulation of surface waters and it inundated at least two properties.

19.    Despite the Claim made on the Policy, the Defendant has refused to adequately inspect and document all of the information associated with the claim and , SELECTIV INSURANCE COMPANY OF AMERICA has ignored evidence of the full scope of physical changes to the property caused by Flood.

20.    The Defendant has provided no legitimate reason for its refusal to compensate the Plaintiff for all of the damages sustained as a result of the Flood event.

21.    CLAVIN timely submitted their Sworn Proof of Loss for the Supplemental Flood Claim as required by the National Flood Insurance Policy.

22.     To the best of Plaintiffs' knowledge, Defendant denied Plaintiff's claim for damage by refusing to acknowledge coverage and or adjust Plaintiffs' supplemental claim for flood related damage.

23.     Defendant owed a duty to its policyholder to make prompt and proper payment for the flood claim, and to make available the Policy benefits to compensate its insured for this loss.  These duties arise from the language of the Policy itself, from the terms of the National Flood Insurance Act of 1968 and its amendments, and Title 44 of the Code of Federal Regulations (CFR).

24.     SELECTIVE breached these duties and obligations as stated above, by failing to make available all proper sums to indemnify its insured, and by relying upon a position which is inconsistent and which in effect denied coverage, which is and should be inapplicable under the circumstances of this claim.

25.     SELECTIVE has breached the Policy by failing to pay all benefits available and owed under the Policy, by utilizing an inappropriate interpretation of the Policy so as to attempt to avoid its obligations imposed by the Policy and by applicable federal law.

26.     As a result of these breaches, Plaintiff has been damaged in an amount equal to $96,092.37.   Plaintiff seeks additional benefits available under the Policy for flood damage to the building, Plaintiff has not been made whole, and Plaintiff has been unable to be fully reimbursed for all repairs necessary to return the property to its pre-loss condition.

27.     The Defendant's denial of the Claim is unjustified.

28.     The Defendant's refusal to compensate the Plaintiff for damage to the Property resulting from the Flood is a breach of the Policy, and the Defendant has therefore committed a breach of their contract with the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs, CLAVIN pray for the following relief:

(a)     Award against Defendant for the full value of Plaintiff's lost or damaged property which resulted from the flood event associated with SuperStorm Sandy which occurred on or about October 29, 2012; and

(b)     All other relief that this Court may determine is just and appropriate.

RESPECTFULLY SUBMITTED, this 29th day of November 2017.

CLAVIN, PLAINTIFFS

BY: _/s/ Jason M. Ciofalo_
Jason M. Ciofalo, Esquire
New Jersey Bar No. 006912012
The MacKinnon Law Group, PA
238 E. Davis Blvd. Suite 201
Tampa, FL 33606
Telephone:     (813) 343-3999
Fax:               (866) 908-6555
Email: jciofalo@mackinnon-law.com
Email: info@mackinnon-law.com
Our File No. 15 NJ 3001 FD